# UNITED STATES BANKRUPTCY COURT
## Northern District of Indiana
## South Bend Division

| | |
|---|---|
| In Re: Debtor(s) (name(s) and address)<br>Commerce Center Development, LLC<br>47–2759882<br>401 E Colfax Ave. Suite 277<br>South Bend, IN 46617 | )<br>)<br>)<br>) Case Number: 26–30289–pes<br>)<br>)<br>)<br>)<br>)<br>) Chapter: 11<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF STATUS AS, AND OBLIGATIONS OF, DEBTOR–IN–POSSESSION IN CHAPTER 11

A. Please take notice that the above–named debtor continues in possession of its estate as Debtor–in–Possession, has the rights and powers of a trustee as stated in 11 U.S.C. § 1107(a) or § 1184, and is authorized to operate its business.

B. Please take notice that there are numerous obligations imposed upon a Chapter 11 Debtor–in–Possession scattered throughout the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of this court. This Notice is designed to serve as a general reminder or as a guide to many of those obligations. The Bankruptcy Code and applicable rules of procedure should be consulted for the precise nature and scope of the Debtor–in–Possession's duties.

   1. The Debtor–in–Possession SHALL NOT:

       a. Incur any secured debt, or pledge or encumber any property of the bankruptcy estate, except as authorized by the court. 11 U.S.C. § 364(c).

       b. Obtain credit or incur unsecured credit, other than in the ordinary course of business, except as authorized by the court. 11 U.S.C. § 364(b).

       c. Use cash collateral (or cash equivalents) without the consent of the secured creditor or court approval. 11 U.S.C. § 363(c)(2). Cash collateral includes proceeds, products, offspring, rents, or profits of property subject to a security interest when reduced to cash. 11 U.S.C. § 363(a).

       d. Retain or employ attorneys, accountants, appraisers, auctioneers, brokers, or other professional persons without court approval. 11 U.S.C. § 327. *See also* N.D. Ind. L.B.R. B–2014–1.

       e. Compensate any attorneys, accountants, appraisers, auctioneers, brokers, or other professional persons except as authorized by the court. 11 U.S.C. § 330.

       f. Transfer or dispose of any property of the bankruptcy estate, other than in the ordinary course of business, except as authorized by the court. 11 U.S.C. § 363(b).

       g. Use, sell, or lease property of the estate, other than in the ordinary course of business, except as authorized by the court. 11 U.S.C § 363(b).

       h. Pay any creditor for any debt or obligation incurred before the date of the petition, except as authorized by the court. 11 U.S.C § 549.

       i. Compensate any insider until a "Statement of Insider Compensation" has been filed. N.D. Ind. L.B.R. B–1007–3. *See also*, 11 U.S.C. § 101(31).

2. Unless excused by the court, for as long as this case remains pending under Chapter 11, the Debtor–in–Possession SHALL:

   a. Close the books and records of the Debtor as of the date of the petition, and open new books and records for the Debtor–in–Possession, reflecting all earnings, receipts, expenses, and disbursements commencing with the date the petition was filed.

   b. Unless otherwise authorized by the United States Trustee, close out any and all bank accounts, savings accounts, money market accounts, and the like in the name of the Debtor, and open up new accounts in the name of the Debtor–in–Possession. All receipts must be deposited into and all disbursements must be made from the Debtor–in–Possession accounts. All disbursements shall be made by pre–numbered checks or electronic funds transfer specifically authorized by the Debtor–in–Possession.

   c. Operate the business according to the requirements of applicable state law. 28 U.S.C. § 959(b).

   d. Maintain casualty and liability insurance on the property and activities of the bankruptcy estate sufficient to protect against any risk of loss from any cause and provide proof thereof to the United States Trustee. The Debtor–in–Possession shall immediately notify the court, the United States Trustee, debtor's counsel, and the attorney and the chair of any creditors' committee of any lapse in insurance, notice to cancel or notice of cancellation of any insurance. *See e.g.*, 11 U.S.C. § 1112(b)(4)(C); 28 U.S.C. § 959.

   e. Segregate and pay, as and when due, all taxes withheld from employees or collected from others under any federal, state, or local law. *See*, 11 U.S.C. § 1108; 28 U.S.C. § 960; N.D. Ind. L.B.R. B–2015–2.

   f. Prepare and file with the clerk of this court verified Monthly Operating Reports for each calendar month no later than twenty–one days after the last day of the calendar month following the month covered by the report. 11 U.S.C. § 704(a)(8); N.D. Ind. L.B.R. B–2015–1.

   g. File all federal, state, and local tax returns, on account of operations of the bankruptcy estate, and pay all federal, state, and local taxes arising out of the post–petition operation of the Debtor–in–Possession, as and when due. Copies of any such tax returns shall be made available to the United States Trustee upon request. 28 U.S.C. § 960.

   h. File periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor under Chapter 11 and in which the bankruptcy estate holds at least a twenty percent interest. Fed. R. Bankr. P. 2015.3

   i. Cooperate with the United States Trustee. *See*, 11 U.S.C. §§ 1106(a)(1), 1107(a); N.D. Ind. L.B.R. B–4002–1(a).

3. If the Debtor–in–Possession is an individual, the Debtor–in–Possession SHALL also:

   a. Provide the required written notice to the holder of any domestic support obligation. 11 U.S.C. § 1106(a)(8), 1106(c).

   b. File a certificate demonstrating completion of credit counseling from an approved agency. 11 U.S.C. § 521(b).

   c. Provide the information and documentation required by Fed. R. Bankr. P. 4002(b), at or before the § 341 meeting.

   d. Prepare and file a statement of current monthly income on Official Form B122B. Fed. R. Bankr. P. 1007(b)(5).

4. If the Debtor–in–Possession is or has been designated as a small business, 11 U.S.C. § 101(51D), the Debtor–in–Possession SHALL also:

   a. File copies of its most recent balance sheet, statement of operations, statement of cash flows, and Federal tax return, or a statement that no such documents have been prepared no later than seven (7) days after the order for relief. 11 U.S.C. § 1116(1).

   b. File periodic financial reports containing information regarding the debtor's profitability, projected cash receipts and disbursements, comparisons of actual cash receipts and disbursements with those

      projected, and a statement as to compliance with post–petition requirements imposed upon a Debtor–in–Possession. 11 U.S.C. § 308(b); Fed. R. Bankr. P. 2015(a)(6).

    c.   Attend all meetings, conferences and meeting of creditors as required. 11 U.S.C. § 1116(2).

5.   If the debtor is proceeding under subchapter V of Chapter 11, the debtor shall file a proposed plan no later than ninety (90) days after the order for relief. See, 11 U.S.C. 1189(d).

    These obligations may be modified or otherwise affected by subsequent orders of this court. The failure to comply with the obligations imposed upon a Debtor–in–Possession may constitute cause for the conversion or dismissal of the case, or the appointment of a trustee.

Dated: March 11, 2026 .

                         Amber E. Craig
                         _____
                         Clerk, United States Bankruptcy Court
                         401 South Michigan Street
                         South Bend, Indiana 46601

                                                                          Document No. 9